JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Marina Shikhman

### DEFENDANTS
Experian
Trans Union, LLC

(b) County of Residence of First Listed Plaintiff: **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Blitshtein & Weiss 648 2nd Street Pike
Southampton PA 18966 215-364-4900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section1681 et seq.

Brief description of cause:
Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/11/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3413 Manor Rd, Huntingdon Valley, PA 19006

Address of Defendant: Trans Union 1510 Chester Pike CrumLynne, PA 19022 , Experian 5 Century Drive Parsippin, NJ 07054

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases    FDCPA
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Tova Weiss, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/11/2014    _____/s/ Tmw_____    74015
                    Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/11/2014    _____/s/ Tmw_____    74015
                    Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marina Shikhman | : | CIVIL ACTION |
| v. | : | |
| Trans Union, LLC and Experian | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

| 7/11/2014 | Tova Weiss | Marina Shikhman |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |
| 215-364-4900 | 215-364-8050 | weiss@lawyersbw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARINA SHIKHMAN                         :
3413 Manor Road                         :
Huntingdon Valley, PA 19006             :
                                        :       No.:
                                        :
         Plaintiff                      :
                                        :
                                        :       Jury Trial Demanded
                                        :
         v.                             :

EXPERIAN INFORMATION                    :
SOLUTIONS, INC.                         :
5 Century Drive                         :
Parsippany, NJ 07054                    :
                                        :
         and                            :

TRANS UNION, LLC                        :
1510 Chester Pike                       :
Crum Lynne, PA 19022                    :
                                        :
         Defendants                     :

## COMPLAINT

### INTRODUCTION

1.      This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (hereinafter "FCRA") .

### JURISDICTION AND VENUE

2.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3.  Jurisdiction of this Court arises pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

4.  Venue lies in this district pursuant to 28 U.S.C. Section 1391(b).

5.  Defendant obtains the benefit(s) of regularly transacting business in Montgomery County, PA and of regularly transacting business in the Commonwealth of Pennsylvania.

**PARTIES**

6.  All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7.  Plaintiff is Marina Shikhman, an adult individual with a current address of 3413 Manor Road, Huntingdon Valley, PA 19006.

8.  Defendant(s) is Experian Information Solutions, Inc. (hereafter"EX ") a business organization that regularly conducts business in the Eastern District of Pennsylvania and with a principle place of business located at 5 Century Drive, Parsippany, NJ 07054.

9.  Defendant(s) is Trans Union, LLC, (hereafter"TU ") a business organization that regularly conducts business in the Eastern District of Pennsylvania and with a principle place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

## FACTUAL BACKGROUND

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

11. Defendant(s) has/have been reporting derogatory and inaccurate information about Plaintiff and Plaintiff's credit history to third parties from on or about February 2009 to the present.

12. The inaccurate information includes, but is not limited to, late payments on the EX and TU credit reports from February 2009 through March 2010 on EX and through April 2010 on TU.

13. The inaccurate information includes, but is not limited to, a mark of **FORECLOSURE** and late payments on both the EX and TU credit reports. (See attached Experian and Trans Union credit reports, Exhibit "A.")

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit history and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. Due to the Defendant's faulty procedures, Defendants failed to correct and/or remove the derogatory information from Plaintiff's credit reports.

15. The Defendant(s) has/have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various credit grantors and persons, both known and unknown from at least 2010 through the present.

16.     Plaintiff has disputed the inaccurate information to EX and TU, since as far back as 2010 and subsequently on three (3) separate occasions, by following their established procedures for disputing consumer credit information. (See attached Plaintiff's letters and EX and TU responses, Exhibit "B.")

17.     Upon information and belief, EX and TU received notice of Plaintiff's dispute and per their duties under the FCRA, Defendant(s) purportedly investigated Plaintiff's disputes.

18.     Despite Plaintiff's efforts, Defendant(s) has/have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

19.     Despite Plaintiff's dispute, Defendant(s) has/have nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate/derogatory information, have failed to provide the method of verification, have failed to report on the results of said investigation and/or reinvestigations to all credit reporting agencies and have continued to cause the reporting of the derogatory inaccurate information about Plaintiff.

20. By letter dated February 20, 2014, Plaintiff notified Defendants, in writing, of the case of CitiMortgage, Inc. v. Marina Shikhman, *et al.*, wherein a Notice of Voluntary Dismissal was filed by CitiMortgage with the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, voluntarily dismissing Plaintiff from the case. This Voluntary Dismissal was filed on or about July 6, 2010, yet Defendants failed to conduct an investigation and/or reinvestigations, failed to report on the results of said investigation and/or reinvestigations, failed to remove the inaccurate/derogatory information and have continued to cause derogatory inaccurate information about Plaintiff. (See attached Notice of Voluntary Dismissal, Exhibit "C.")

21. Plaintiff's credit reports and file have been obtained from Defendant(s) and have been received by prospective and existing credit grantors and extenders of credit and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown from at least February 2009 through the present.

22. As a result of Defendant's willful and negligent non-compliance with the FCRA, Plaintiff suffered actual damages due to credit denial of loss of credit opportunity, credit defamation, emotional distress, anxiety, embarrassment and humiliation.

23. At all times material hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their employment/agency and under the supervision and control of the Defendant.

24. At all times material hereto, the conduct of the Defendant and its agent, servants and/or employees was intentional, willful, reckless and grossly negligent disregard for federal and state consumer laws of the Plaintiff.

### COUNT I- Violations of the FCRA

25. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

26. At all times material hereto, Plaintiff, Marina Shikhman, was a "person" and a "consumer reporting agency" in accordance with 15 U.S.C. Section 1681a(b) and (f).

27. At all times material hereto, Plaintiff was a "consumer" in accordance with 15 U.S.C. Section 181a(c).

28. At all times material hereto, the credit reports mentioned in this Complaint were "consumer reports" in accordance with 15 U.S.C. Section 1681a(d).

29. Pursuant to 15 U.S. C section 1681n Defendants EQ, EX and TU are liable to Plaintiff for willful noncompliance of the requirements on consumer reporting agencies pursuant to 15 U.S.C. Section 1681e(b) and for continuing to report information that is inaccurate, incomplete or cannot be verified in violation of 15 U.S.C. Section 1681i(a)(5)(A) and 1681i(a)(5)(A)(i).

30. Pursuant to 15 U.S. C section 1681o Defendants EQ, EX and TU are liable to Plaintiff for negligent noncompliance of the requirements on consumer reporting agencies pursuant to 15 U.S.C. Section 1681e(b) and for continuing to report information that is

inaccurate, incomplete or cannot be verified in violation of 15 U.S.C. Section 1681i(a)(5)(A) and 1681i(a)(5)(A)(i).

31. Defendant is liable for the acts of its employees/agents per the doctrine of respondeat superior as Defendant's employee(s)/agent(s) were acting with the scope of their employment with Defendant.

32. Any mistake made by Defendant is a mistake of law and not a reasonable or bona fide mistake.

33. Defendant is liable to Plaintiff for statutory, actual and punitive damages and attorney's fees, costs of litigation and all other relief per law.

### JURY TRIAL DEMANDED

34. Plaintiff requests trial by jury for all triable issues in this case.

### DAMAGES

WHEREFORE, Plaintiff seeks judgment in its favor and damages against the Defendant as follows:

    a. Statutory Damages;

    b. Actual Damages;

    c. Punitive Damages;

    d. Costs and attorney's fees pursuant to 15 U.S.C. Section 1681n and 1681o;

    e. All other relief that the Court deems just and proper.

Date: 7/11/2014

Respectfully Submitted,
BLITSHTEIN & WEISS, P.C.

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff